# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO CUBILLAS,<br><br>Petitioner,<br><br>v.<br><br>CRAIG APKER,<br><br>Respondent. | Case No. 1:17-cv-01713-EPG-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND DIRECTING CLERK OF COURT TO CLOSE CASE |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Petitioner challenges the Federal Bureau of Prisons' ("BOP") denial of a *nunc pro tunc* designation of a state prison for service of his federal sentence. (ECF No. 1). Given that it appears that Petitioner is no longer in the BOP's custody, the Court will dismiss the petition as moot.

**I.**

**BACKGROUND**

On December 20, 2017, Petitioner filed the instant petition for writ of habeas corpus, challenging the BOP's denial of a *nunc pro tunc* designation of a state prison for service of his federal sentence. Petitioner alleges that the BOP improperly failed to afford Petitioner sentencing credit from December 3, 2014, through August 6, 2015, when Petitioner was in state custody. (ECF No. 1). On March 12, 2018, Respondent filed an answer. (ECF No. 13).

1

| | |
|---|---|
| 1 | On August 28, 2018, the Court ordered Petitioner to show cause why the petition should |
| 2 | not be dismissed as moot as it appeared Petitioner was no longer in the BOP's custody. (ECF No. |
| 3 | 15). On September 5, 2018, the order was returned as undeliverable with the notation that |
| 4 | Petitioner was "no longer at this institution." |
| 5 | The parties have consented to the jurisdiction of a United States magistrate judge to |
| 6 | conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). (ECF Nos. 7, 9). |

**II.**

**DISCUSSION**

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner argues that the BOP improperly failed to afford Petitioner sentencing credit for the period Petitioner was in state custody. A search of the BOP's inmate locator using Petitioner's inmate number produces a result of "Released On: 06/29/2018." See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search by "BOP Register Number" for "21702081") (last visited November 6, 2018). Additionally, the Court's order to show cause was returned as undeliverable with the notation that Petitioner was "no longer at this institution."

Given that Petitioner has been released and received the remedy to which he would have been entitled had this Court rendered a favorable judicial decision on his petition, the Court finds that no case or controversy exists.

///
///
///
///

## III.
## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus is DISMISSED as MOOT; and
2. The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: **November 8, 2018**　　　　　/s/ *Eric P. Grosj*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE